NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARA INVESTMENTS, LLC : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MICHAEL I. LUFT : <br> : <br> and : <br> : <br> EILEEN LUFT : <br> : <br> Defendants. : | Case No.: 3:19-cv-09195-BRM-DEA <br><br> OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is ARA Investments, LLC's ("ARA") Motion to Remand (ECF No. 3) *Pro so* Defendants Michael I. Luft and Eileen Luft ("the Lufts")[1] oppose ARA's motion. (ECF No. 6.) Having reviewed the parties' submissions and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, ARA's Motion to Remand is **GRANTED**. This case is **REMANDED** to the Superior Court of New Jersey, Special Civil Part, Middlesex County.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This is a state court ejectment action removed to federal court. The Lufts owned property in Middlesex County, New Jersey that is the subject of this action and was the subject of a state court foreclosure action. (Deed Dated Aug. 3, 1987 (ECF No. 1-1), at 1-4.) Following

---

[1]    Because the Lufts are unrepresented, the Court affords them "greater leeway" with procedural rules, and holds their filings to "less stringent standards" than the Court would apply to attorney filings. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

foreclosure, the property was sold to ARA at a sheriff's sale. (Sheriff's Deed of Foreclosure (ECF No. 3-5), at 1-7.) ARA later obtained a writ of possession, which a state court judge vacated. (Compl. (ECF No. 1-2) ¶ 7.) The Lufts contend that these proceedings were the result of fraud, specifically, that court staff forged a judge's signature on a final judgment. (Notice of Removal (ECF No. 1) ¶ 3(c).)

ARA brought this ejectment action in state court to evict the Lufts from the property. (ECF No. 1-2 ¶ 4.) The Lufts removed the action to this Court. (ECF No. 1 ¶ 8.) ARA moved to remand the action. (ECF No. 3.) With the motion to remand pending, the Lufts moved to suspend ARA's counsel from practicing before this Court. (ECF No. 8.)

## II. LEGAL STANDARD

When a Defendant removes a case to federal court, the Court must remand the case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851 (3d Cir. 1992)).

In ruling on subject matter jurisdiction, "a court may consider evidence beyond the pleadings such as testimony and depositions when considering a jurisdictional challenge" and is "entitled to independently evaluate the evidence to resolve disputes over jurisdictional facts." *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016); *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 332 (3d Cir. 2012).

## III. DECISION

The Lufts argue that "Section 3 of the Public Law 39-26" entitled them to remove this

action to federal court.[2] The Court disagrees for two independent reasons. First, the Lufts have not demonstrated that ARA's ejectment action implicates any federal civil rights involving racial equality. Second, the Lufts have not shown either that a state statutory or constitutional provision will deny them or bar them from enforcing any federally protected right, nor have they shown the mere existence of the state court ejectment action denies them any federal right.

### A. The Civil Rights Removal Provision: 28 U.S.C. § 1443

As a threshold matter, the Court determines that 28 U.S.C. § 1443 is the operative removal statute governing this case. Although the Lufts never cite 28 U.S.C. § 1443, the Lufts' Notice of Removal references "Section 3 of the Public Law 39-26" as the basis for removal. (ECF No. 1, at 1.) This is a reference to the removal provision of the Civil Rights Act of 1866. *See* An Act to Protect All Persons in the United States in Their Civil Rights, and Furnish the Means of Their Vindication, ch. 31, § 3, 14 Stat. 27, 27 (1866) (codified as amended at 28 U.S.C. § 1443); *see also Wilmington Sav. Fund Soc'y FSB v. Velardi*, No. 3:18-CV-02209, 2019 WL 3713876, at *2 (M.D. Pa. Feb. 19, 2019) ("Public Law 39-26 refers to the Civil Rights Act of 1866."), *report and recommendation adopted*, 2019 WL 3676480 (M.D. Pa. Aug. 6, 2019), *appeal docketed*, No. 19-2841 (3d Cir. filed Aug. 12, 2019).

The Lufts quote the original statutory language at length in their Notice of Removal. (ECF No. 1, at 1.) However, this original language is no longer operative. Congress has amended the statute multiple times in the century and a half since its first enactment in 1866. *See New York v. Galamison*, 342 F.2d 255, 259-61 (2d Cir. 1965) (tracing the statutory history of

---

[2] The Lufts make clear that "removal has been effected <u>ONLY</u> under Public Law 39-26 and <u>NOT</u> pursuant to 28 U.S.C. § 1441," and that "removal rests NOT under and pursuant to 28 U.S.C. § 1441 . . . but strictly under and pursuant to Public Law 39-26." (ECF No. 6, at 2-3, 9.) Although the Lufts make assorted references to "'federal question' jurisdiction" and to the case involving a claim "'arising under' federal law," the context makes clear that this language refers back to the Lufts' arguments concerning "Public Law 39-26." (ECF No. 6, at 3, 6, 7.)

the removal provision). The statute's most recent amendment came as part of a codification of the statutes involving the judiciary. *See* An Act to Revise, Codify, and Enact into Law Title 28 of the United States Code Entitled "Judicial Code and and Judiciary," Pub. L. No. 80-773, § 1443, 62 Stat. 869, 938 (1948) (codified as amended at 28 U.S.C. § 1443); *see also Wilmington*, 2019 WL 3713876, at *2 (noting that 28 U.S.C. § 1443 is the direct descendant of the removal provision of the Civil Rights Act of 1866, and that Congress last amended the removal provision in 1948).

Under the removal provision as currently enacted, a defendant in a state court action may remove to federal court any "civil action[] . . . [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "Removal under § 1443 'requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for . . . equal civil rights; and (2) that he is denied or cannot enforce that right in the courts of the state.'" *Bayview Loan Serv'g LLC v. Farzan*, 720 F. App'x 678, 679 (3d Cir. 2018) (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)).

### B. Civil Rights Involving Matters of Racial Equality

"Under the first prong of the test, the civil rights at issue must involve matters of racial equality." *New Jersey v. Aristeo*, 610 F. App'x 95, 96 (3d Cir. 2015). In other words, "a state court defendant must allege a deprivation of rights guaranteed by a federal law providing for specific civil rights stated in terms of racial equality." *Delaware v. Burr*, 523 F. App'x 895, 897 (3d Cir. 2013).

The Court must remand this case because the Lufts cannot meet the first prong: the Lufts

cannot show that the state ejectment proceeding concerns a federally protected right concerning racial equality. The Lufts argue that the state court ejectment action is depriving them either of their property rights or their right not to be deprived of property without due process. (ECF No. 1 ¶ 3(b), 3(d), 3(e); ECF No. 6, at 5-6.) The Lufts do not allege that the ejectment action treats them differently on account of their race, or has any other connection to their federally protected right to equal treatment on account of race. Without more, cases involving the right to possession of real estate generally do not meet the first prong. *See Santander Bank v. Hosang*, 640 F. App'x 198, 201 (3d Cir. 2016) (holding that a state court foreclosure action does not involve the deprivation of federal civil rights guaranteeing racial equality). Accordingly, the Lufts fail to meet the first prong, and therefore cannot remove this case under 28 U.S.C. § 1443.

### C. Denial or Bar to Enforcement of a Federal Civil Right

The Lufts also are unable to meet the second prong of the test, providing an independent reason for the Court to remand this case. "For the second prong, it is 'expected that the protection of federal constitutional or statutory rights c[an] be effected in . . . state proceedings.'" *Bayview*, 720 F. App'x at 679 (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975)). Therefore, the denial, or bar to judicial enforcement, of a federally protected right "must usually be 'manifest in a formal expression of state law . . . such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Johnson*, 421 U.S. at 219).

"However, in narrow circumstances, a firm prediction that a defendant would be denied his federal right in state court might be made even absent a discriminatory state law." *Pennsylvania v. Carroll*, 764 F. App'x 134, 135 (3d Cir. 2019). These narrow circumstances exist only "where the state court defendant's federal civil rights would 'inevitably be denied by

the very act' of being brought to trial in state court." *Davis*, 107 F.3d at 1050.

The Lufts fail to meet either element of the second prong. First, the Lufts do not allege that any provision of state statutory or constitutional law expressly prohibits them from enforcing their federally protected rights in state court.

Second, the Lufts have not demonstrated that a state court will inevitably deny the Lufts their federal civil rights by the mere act of adjudicating an ejectment action against them. Even if the Lufts demonstrate that their "federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the [Lufts] are false, or that the [Lufts are] unable to obtain a fair trial in [the New Jersey Superior Court]," without more, this "is not enough to support removal under § 1443(1)." *City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966). Because the Lufts fail to meet the second prong, removal under § 1443 is inappropriate irrespective of whether the Lufts meet the first prong. The Court therefore must remand this case.

## IV. CONCLUSION

For the reasons set forth above, ARA's Motion to Remand **GRANTED**. This case is **REMANDED** to the Superior Court of New Jersey, Special Civil Part, Middlesex County. An appropriate order accompanies this opinion.

/s/ Brian R. Martinotti
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

Dated: November 27, 2019